No. 26-1225

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellant,*

v.

JOCELYN BENSON, in her official capacity as Secretary of the State of Michigan; STATE OF MICHIGAN,

    *Defendants-Appellees*

and

MICHIGAN ALLIANCE FOR RETIRED AMERICANS; DONALD DUQETTE; KEELY CRIMANDO,

    *Intervenors-Appellees*.

––––––––––––––––

On Appeal from the United States District Court for the
Western District of Michigan, Southern Division
Hon. Hala Y. Jarbou

––––––––––––––––

**MICHIGAN HOUSE OF REPRESENTATIVES' UNOPPOSED MOTION
FOR LEAVE TO FILE *AMICI CURIAE* BRIEF**

Charles R. Spies (P83260)
   *Counsel of Record*
DICKINSON WRIGHT PLLC
1825 Eye Street N.W., Suite 900
Washington, D.C. 20006
202-466-5964
cspies@dickinsonwright.com

Jonathan R. Koch (P80408)
Thomas J. Philbrick (P84932)
DICKINSON WRIGHT PLLC
200 Ottawa Ave., NW, Suite 900
Grand Rapids, MI 49503-2427
(616) 336-1076
jkoch@dickinsonwright.com
tphilbrick@dickinsonwright.com

*Counsel for Amicus Curiae*

**Motion**

The Michigan House of Representatives (the "Michigan House"), through the undersigned counsel, respectfully moves for leave to file an *amicus curiae* brief in the above-captioned case pursuant to FRAP 29. In support of its Motion, the Michigan House states as follows:

1. The Michigan House is one half of Michigan's bicameral legislature. It consists of 110 members who are elected by the qualified electors of Michigan's electoral districts.

2. Elections are an important part of the work of both the Michigan House and its individual members. Together with the Michigan Senate, the Michigan House is vested with "the legislative power of the State of Michigan." Mich. Const. 1963, art. 4, § 1. Under the United States Constitution, the Michigan Legislature is required to prescribe "[t]he Times, Places and Manner of holding Elections for Senators and Representatives." U.S. Const., art. I, § 4. Similarly, the Michigan Constitution authorizes the Michigan Legislature to "enact laws to regulate the time, place and manner of all nominations and elections, to preserve the purity of elections, to preserve the secrecy of the ballot, to guard against abuses of the elective franchise, and to provide for a system of voter registration and absentee voting." Mich. Const. 1963, art. 2, § 4(2). As part of the state legislature, the Michigan House also enacts,

revises, and oversees the statutory framework governing voter registration, list maintenance, and record retention within the State.

3. The interpretation and enforcement of federal statutes governing voter list maintenance therefore directly affect the Michigan House's ability to carry out its core constitutional responsibilities. As part of these functions, the Michigan House relies on accurate information regarding the administration of election laws by state executive agencies and local election officials, including Defendants-Appellees. Federal access to voter list maintenance records therefore has direct implications for how the Michigan House drafts, evaluates, and amends these laws to ensure compliance with federal requirements. And the federal government's request for records in this case bears directly on the Michigan House's ability to assess whether state and local officials are properly implementing voter list maintenance statutes.

4. Because of its legislative role, the Michigan House has a strong interest in the enforcement of laws and rules that pertain to Michigan elections and election administration. Indeed, the Michigan House is uniquely situated to explain how voter list maintenance records are created, maintained, and retained under state law, and why federal access to those records is consistent with legislative expectations when enacting such requirements.

5. Aside from its legislative role, the Michigan House also brings a unique perspective that is distinct from the parties and other potential *amici*. Unlike state

executive officials or election administrators, the Michigan House speaks from the standpoint of the lawmaking body that creates the governing rules. Its perspective focuses on statutory design, legislative intent, and the practical consequences of judicial rulings for future lawmaking. And, as a representative body, the Michigan House reflects the interests of the State's voters broadly, rather than the narrower interests of any single agency or official. This position enables it to address how transparency and oversight serve voters across the State of Michigan.

6.  The Michigan House offers its proposed brief to help this Court evaluate the important legal and policy issues raised on appeal. In its proposed brief, the Michigan House will argue that the district court erred in finding that Michigan's voter registration list is not a "record" subject to disclosure under Title III of the Civil Rights Act, and will provide textual and judicial authority showing that the district court contradicted both the plain text of Title III of the Civil Rights and the weight of judicial precedent. The Michigan House will also illustrate the dangerous consequences that will result from the district court's holding, and the importance this case holds for the People of the State of Michigan.

7.  The Michigan House will also argue that: (1) the federal government has pled a valid legal claim under Title III of the Civil Rights Act of 1960; (2) the arguments raised in support of Defendants-Appellees' and Intervenors-Appellees' motions for dismissal lack merit; and (3) Defendants-Appellees and Intervenors-Appellees raise

arguments that are inconsistent with the language of Title III, applicable judicial precedents, and the standard for reviewing requests for dismissal under Rule 12(b)(6).

8.  Accordingly, given its legislative role and direct and practical expertise with elections and election integrity, the Michigan House submits that its appearance as *amicus curiae* will be of assistance to this Court by providing a unique perspective that is not currently represented in this case and by providing the Court with important arguments that will inform the Court's consideration of the issues in this case and how their resolution will impact the people of the State of Michigan.

9. The Michigan House's proposed *amicus curiae* brief accompanies this motion.

10. Counsel for the Michigan House sought concurrence in the filing of this motion and *amicus curiae* brief under FRAP 29(a)(2). Counsel for Plaintiffs-Appellees consented to the Michigan House's request, but counsel for Defendants-Appellees and Intervenors-Appellees expressly stated that they take no position, and thus do not oppose, the Michigan House's request for leave to file an *amicus curiae* brief.

11. Aside from the purely legislative interests articulated above, the Michigan House has no direct interest, financial or otherwise, in the outcome of this litigation.

12. No counsel for any party authored this brief in whole or in part; no one, apart from the Michigan House and its counsel, funded the preparation or submission of this brief.

**WHEREFORE**, the Michigan House respectfully requests that this Court grant its unopposed motion for leave to file an *amicus curiae* brief, and accept the accompanying brief for filing.

Respectfully submitted,

*/s/ Charles R. Spies*
Charles R. Spies (P83260)
   *Counsel of Record*
DICKINSON WRIGHT PLLC
1825 Eye Street N.W., Suite 900
Washington, D.C. 20006
202-466-5964
cspies@dickinsonwright.com

*Jonathan R. Koch*
Jonathan R. Koch (P80408)
Thomas J. Philbrick (P84932)
DICKINSON WRIGHT PLLC
200 Ottawa Ave., NW, Suite 900
Grand Rapids, MI 49503-2427
(616) 336-1076
jkoch@dickinsonwright.com
tphilbrick@dickinsonwright.com

*Counsel for Amicus Curiae*

4929-0895-9131 v6 [89831-3]

6