**No. 26-1225**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

—v.—

JOCELYN BENSON and the STATE OF MICHIGAN,

*Defendants-Appellees.*

---

On Appeal from the United States District Court for the
Western District of Michigan Southern Division
(No. 1:25-cv-1148)

---

**MOTION FOR LEAVE TO FILE AMICUS CURIAE IN SUPPORT OF
DEFENDANTS-APPELLEES**

---

COMMON CAUSE
Maryam Jazini Dorcheh
Omar H. Noureldin
805 15th Street NW, Suite 800
Washington, DC 20005
202-833-1200
mjazini@commoncause.org
onoureldin@commoncause.org

COVINGTON & BURLING LLP
Lanny A. Breuer, *Counsel of Record*
Thomas Perrin Cooke
Samuel T. Ackerman
Joshua M. Schenk
Braden K. Fain
Maya M. Sharp
One CityCenter
850 Tenth Street NW
Washington, DC 20001
202-662-6000
lbreuer@cov.com
pcooke@cov.com
sackerman@cov.com
jschenk@cov.com
bfain@cov.com
msharp@cov.com

*Counsel for Amicus Curiae
Common Cause*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Under Federal Rule of Appellate Procedure 26.1 and 6th Circuit Rule 26.1(a),

*Amicus* Common Cause states that it has no parent corporations and does not issue

stock.

<u>/s/ *Lanny A. Breuer*</u>

*Counsel for Amicus Curiae*
*Common Cause*

## **MOTION**

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), Proposed *Amicus Curiae* Common Cause moves for leave to file a brief as *amicus curiae* in support of affirmance. A copy of the proposed brief is attached to this motion.

In support of this motion, *Amicus* states the following:

1.      Common Cause is a nonpartisan, grassroots organization dedicated to fair elections, due process, and ensuring that government at all levels is more democratic and responsive to the interests of the people. Founded by John Gardner in 1970 as a "citizens' lobby," Common Cause has over 1.5 million members nationwide and local organizations in 25 states. Common Cause has assisted with voter registration, encouraged voting, and advocated for policies at the federal, state, and local levels that would make participation in our democracy more accessible and convenient. Common Cause has long advocated in support of the privacy and voting rights interests of its members across Michigan.

2.      As a membership organization that works to advance democracy in Michigan, proposed *Amicus* has a strong interest in preventing disclosure of Michigan's non-public voter data. The relief the federal government seeks risks discouraging Michigan residents from registering to vote, undermining the core of Common Cause's work, while also directly implicating the privacy and voting-rights interests of Common Cause's Michigan-based members.

1

3.    Common Cause has intervened in many of the materially similar lawsuits the Department of Justice has filed in other states in which the United States has sought the same information and has expertise related to the issues presented in this case. Here, proposed *Amicus* has an interest in this case and seeks to provide the Court with additional legal and historical perspectives to further inform its evaluation of the pending motions to dismiss.

4.    "The traditional function of an amicus curiae is to assist in cases of general public interest by supplementing the efforts of private counsel and by drawing the court's attention to law that might otherwise escape consideration[.]" *Shoemaker v. City of Howell*, 795 F.3d 553, 562 (6th Cir. 2015) (quoting 3-28 Moore's Manual—Federal Practice and Procedure § 28.84 (2014)).

5.    Common Cause's proposed brief elaborates on a range of issues to "draw[] the court's attention to law that might otherwise escape consideration[.]" *Id.* Common Cause's proposed brief provides additional legal context and perspective relevant to the Court's resolution of the issues on appeal and is designed to assist the Court in its evaluation of the district court's decision without duplicating the parties' submissions. For example, the brief draws upon Constitutional and legislative research to elucidate the scope and purposes of the Elections Clause of the U.S. Constitution and the Help America Vote Act ("HAVA"), 52 U.S.C. § 21083 *et seq.* In addition, the brief highlights the chilling effects that the Department's demand

2

will have on voting and other civic activities, which is an independent basis for affirmance, and provides perspectives from both U.S. historical and international contexts to describe the policy risks that a national voter database poses to democracy and the rule of law.

6.    Common Cause is actively involved in numerous parallel lawsuits the United States has brought against other states seeking the same category of unredacted voter records at issue here. *See, e.g.*, Order, *United States v. DeMarinis*, 1:25-cv-03934, Dkt. No. 38 (D. Md. Feb. 2, 2026) (granting motion of Common Cause, individual voters, and other non-profit organizations to intervene); Order, *United States v. Thomas*, No. 3:26-cv-21, Dkt. No. 40 (D. Conn. Jan. 29, 2026) (similar); Order, *United States v. Wisc. Election Comm'n*, No. 3:25-cv-01036, Dkt. No. 53 (W.D. Wisc. Jan. 22, 2026) (similar); Order, *United States v. Pennsylvania*, No. 25-cv-01481, Dkt. No. 105 (W.D. Pa. Jan. 16, 2026) (similar); Order, *United States v. Simon*, No. 25-cv-3761, Dkt. No. 90 (D. Minn. Jan. 6, 2026) (similar); Text Order, *United States v. Amore*, No. 25-cv-00639 (D.R.I. Jan. 6, 2026) (similar); Electronic Order, *United States v. Galvin*, No. 25-cv-13816, Dkt. No. 30 (D. Mass. Jan. 6, 2026) (similar); Order, *United States v. Oliver*, No. 25-cv-01193, Dkt. No. 25 (D.N.M. Dec. 19, 2025) (similar). Accordingly, proposed *Amicus* is experienced with the law and the arguments before the Court in this matter and is well-positioned to provide a unique perspective to the Court.

3

7.  The filing of the proposed amicus brief will not prejudice Defendant-Appellant or delay briefing or argument in this appeal.

## CONCLUSION

For the foregoing reasons, Common Cause respectfully requests that the Court grant its motion for leave to file the proposed brief *Amicus Curiae*.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned certifies that this motion:

i)  complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 746 words, and

ii) complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this motion has been prepared using a proportionally spaced typeface, 14-point Times New Roman, in Microsoft Word for Microsoft 365 MSO.

Dated:  April 17, 2026

*/s/ Lanny A. Breuer*
Lanny A. Breuer

*Attorney for Amicus Curiae*
*Common Cause*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on April 17, 2026.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:  April 17, 2026                    */s/ Lanny A. Breuer*
                                           Lanny A. Breuer

                                           *Attorney for Amicus Curiae*
                                           *Common Cause*