

**U.S. Department of Justice**

Civil Rights Division

---

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC 20044-4403*

May 1, 2026

**<u>VIA CM/ECF</u>**

Kelly L. Stephens, Clerk of the Court
Office of the Clerk
540 Potter Stewart U.S. Courthouse
United States Court of Appeals
 for the Sixth Circuit
100 E. Fifth Street
Cincinnati, Ohio 43202-3988

> Re: *United States v. Benson*, No. 26-1225 (6th Cir.) (oral argument scheduled for
> May 13, 2026)—Appellee United States' Response to Appellant's Rule 28(j) Letter

Dear Ms. Stephens:

The United States submits this response to intervenors' Additional Citation. Doc. 94. In *United States v. Fontes*, No. 2:26cv66, 2026 WL 1145626 (D. Ariz. Apr. 28, 2026), the district court ruled Arizona's statewide voter list (SVRL) is not a record required to be preserved under 52 U.S.C. 20701. The court concluded that to hold otherwise creates a conflict between 52 U.S.C. 20702, preventing the alteration of Section 20701 records, and the NVRA and HAVA, requiring States to update voter lists. *Id.* at *5. The court also found persuasive the district court's opinion in this case, holding the phrase "come into his possession" limits the reach of Section 20701 to documents the State obtains from voters. *Id.* at *4, *7 (alteration omitted).

*Fontes* is incorrect as to the meaning of "willfully . . . alter[]" in 52 U.S.C. 20702. *See Fischer v. United States*, 603 U.S. 480, 489-490 (2024) (analyzing a similarly worded list of verbs to that in Section 20702). In context, "alter[]" describes actions taken to make a document unavailable, inaccessible, or inaccurate for evidentiary purposes. *Ibid.*; *see id.* at 487 (discussing "the canon of *noscitur a sociis*). Performing list maintenance under HAVA is therefore not "alter[ing]" the SVRL at all, let alone "willfully," *see Bryan v. United States*, 524 U.S. 184, 191-192 (1998).

The court also overlooked the broadening effect of the term "*relating to*" in Section 20701, which expands the scope of records the State must preserve beyond the list of documents created by the voter to cover any records *relating to* those documents, including the SVRL. *See* U.S. Reply Br. 15-16, 30-31. Furthermore, the phrase "come into his possession" limits the responsibility of state election officers who do not possess the records to be preserved; it does not restrict the reach of the term "relating to" or impose a requirement that records be created by the voter. *See* U.S. Br. 17-19; U.S. Reply Br. 15-17; *United States Dep't of Just. v. Tax Analysts*,

- 2 -

492 U.S. 136, 144-145 (1989) (demonstrating that materials that "have come into [an] agency's possession" can also have been created by that agency).

Sincerely,

s/ Andrew Braniff
Andrew BraniffAttorney
Appellate Section
Civil Rights Division
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via CM/ECF)