

**U.S. Department of Justice**

Civil Rights Division

---

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC  20044-4403*

May 1, 2026

**VIA CM/ECF**

Kelly L. Stephens, Clerk of the Court
Office of the Clerk
540 Potter Stewart U.S. Courthouse
United States Court of Appeals
 for the Sixth Circuit
100 E. Fifth Street
Cincinnati, Ohio 43202-3988

> Re:  *United States v. Benson*, No. 26-1225 (6th Cir.) (oral argument scheduled for May 13, 2026)—Appellant United States' Response to Appellee's Rule 28(j) Letter

Dear Ms. Stephens:

The United States submits this letter in response to Appellee's Notice of Supplemental Authority (Dkt. 94). In *United States v. Amore*, No. 25-cv-639, 2026 WL 1040637, at *5 (D.R.I. Apr. 17, 2026), the district court ruled that the Attorney General's written demand for Rhode Island's statewide voter registration list was legally insufficient under 52 U.S.C. 20703 because it provided no "factual basis" suggesting Rhode Island may be violating the NVRA or HAVA. The court further held that the stated purpose for the demand—enforcement of the NVRA's and HAVA's list-maintenance requirements—is "unrelated to voting-related racial discrimination." *Id.* at *5-6. *Amore* is incorrect.

*Amore* erred in finding that its review of DOJ's claims are not akin to a summary proceeding, therefore restricting the court to limited review. 2026 WL 1040637. at *3-4; *see* Letter 1-2. The district court in this case correctly cabined its review. R. 67, Pg. ID 906-907. The Attorney General's authority is "purely investigative," *Alabama ex rel. Gallion v. Rogers*, 187 F. Supp. 848, 854 (M.D. Ala. 1960), *aff'd sub nom. Dinkens v. Attorney General of the U.S.*, 285 F.2d 430 (5th Cir. 1961), and as such, the United States must only show a legitimate investigative purpose. R. 67, Pg. ID 906-907; U.S. Br. 23, 27-29. 34; U.S. Reply Br. 10. Regarding the "basis" for the Attorney General's demand, *Amore*, 2026 WL 1040637 at *5; Letter 2, the letters in this case to Secretary Benson provided a basis for the Attorney General's demand—specifically, the 2024 EAVs data, which found alarming discrepancies between Michigan's reported data and the national averages of ineligible voter removals, indicating a problem with list maintenance. U.S. Br. 7.

Finally, *Amore* erred in concluding that the Attorney General's demand was invalid because it did "not plausibly relate to individual voting rights." 2026 WL 1040637 at *6. Even

- 2 -

assuming the demand must "relate to individual voting rights," *ibid.*, the NVRA is itself "a federal election law that protects voting rights," R. 67, Pg. ID 908; *see* 52 U.S.C. 20501(a)(3), (b)(1); U.S. Br. 36-37.

Sincerely,

s/ Andrew Braniff
Andrew Braniff
Attorney
Appellate Section
Civil Rights Division
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via CM/ECF)