

**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC  20044-4403*

May 4, 2026

**<u>VIA CM/ECF</u>**

Kelly L. Stephens, Clerk of the Court
Office of the Clerk
540 Potter Stewart U.S. Courthouse
United States Court of Appeals
 for the Sixth Circuit
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

> Re: *United States v. Benson*, No. 26-1225 (6th Cir.) (oral argument scheduled for May 13, 2026)—Appellant United States' Response to Intervenors-Appellees' Rule 28(j) Letter (Dkt. 97)

Dear Ms. Stephens:

The United States submits this letter in response to Intervenors-Appellees' Additional Citation (Dkt. 97). In *Public Interest Legal Foundation, Inc. v. Nago*, No. 24-6629, 2026 WL 1144703, at *11 (9th Cir. Apr. 28, 2026), the court ruled an SVRL is not a "record[] concerning the implementation of programs and activities conducted for the purpose of" keeping a voter-registration list up to date. 52 U.S.C. 20507(i)(1). That interpretation was based on three specific NVRA terms—specifically, "concerning the implementation of," "program," and "activity"—in Section 20507(i)(1). 2026 WL 1144703, at *11.

*Nago* is wrong, *see Public Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 47 (1st Cir. 2024) (holding that an SVRL "plainly" falls within 52 U.S.C. 20507(i)(1)), but also distinguishable. None of the NVRA-specific words *Nago* interpreted appear in Title III, which allows the Attorney General to demand "all records and papers which come into [an officer of election's] possession relating to any application, registration, . . . or other act requisite to voting in [an] election." 52 U.S.C. 20701, 20703. An SVRL fits squarely within that language because it plainly relates to voters' registrations. U.S. Br. 15-21.

Further, *Nago*'s statement that it would be "unworkable and implausible" for States to retain the SVRL "'for at least [two] years'" depends on the unexplained assumption that "states would be obliged to preserve every interim version of the [SVRL]." 2026 WL 1144703, at *13 (quoting 52 U.S.C. 20507(i)(1)). That assumption is incorrect, *see* Dkt. 95, at 1; *see also Voter Reference Found., LLC v. Torrez*, 160 F.4th 1068, 1085 (10th Cir. 2025), and should not impact this Court's CRA analysis.

- 2 -

*Nago*'s statements regarding what is necessary to NVRA enforcement (*see* Dkt. 97, at 2) are also inapposite because *Nago* discusses public disclosure requirements under the NVRA. The Attorney General's power and duty to enforce compliance with federal election law is significantly broader than the public's, and the Attorney General *does* require the SVRL to fulfill that duty. And unlike the public, the Attorney General can rely on Title III against which Congress enacted the NVRA and HAVA. U.S. Br. 32-34.

Sincerely,

<u>s/ Andrew Braniff</u>
Andrew Braniff
Attorney
Appellate Section
Civil Rights Division
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via CM/ECF)

- 2 -