

250 Masachusetts Avenue NW, Suite 400  |  Washington, DC 20001

May 22, 2026

**VIA CM/ECF**

Kelly L. Stephens, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

**Re:    Rule 28(j) Letter Submitted in *United States v. Benson*, Case No. 26-1225, *Argued May 13, 2026***

Dear Ms. Stephens:

Pursuant to Federal Rule of Appellate Procedure 28(j), Intervenors-Appellees advise the Court of orders in *United States v. Bellows*, No. 25-cv-468, 2026 WL 1430481 (D. Me. May 21, 2026), and *United States v. Wisconsin Elections Commission* ("*WEC*"), No. 25-cv-1036, 2026 WL 1430354 (W.D. Wis. May 21, 2026), dismissing parallel suits seeking voter registration lists ("VRLs") in Maine and Wisconsin.

*Bellows* dismissed DOJ's nearly identical complaint seeking Maine's unredacted VRL, holding it "is not a record that comes into the possession of state officials" under the CRA. 2026 WL 1430481, at *7. The court alternatively held that, even if the CRA could reach the VRL, assessing Maine's compliance with the NVRA's and HAVA's list-maintenance provisions was not a proper purpose under

May 22, 2026
Page 2

the CRA, in light of its context and the structure and text of the NVRA and HAVA, which "create a comprehensive scheme . . . for the enforcement of" their list-maintenance requirements. *Id.* at *8. If DOJ "wants to enforce" those statutes, "it must use the pre-suit investigation and enforcement mechanisms that Congress provided in" them; the CRA does not authorize the compelled production of the unredacted VRL "so that [DOJ] might loom over the shoulder[s]" of states to point out purported inaccuracies in their lists. *Id.* These conclusions echo and buttress Intervenors' arguments for affirmance. *See* Intervenors' Br. 17-28 (Michigan's QVF is outside the scope of the CRA); *id.* at 33-38 (investigating Michigan's list-maintenance obligations is not a proper purpose under the CRA).

*WEC* dismissed DOJ's complaint seeking Wisconsin's VRL, holding that the CRA does not extend to such lists. *See* 2026 WL 1430354, at *3-4. The district court rejected arguments that DOJ advanced here, such as the claim that the phrase "come into . . . possession" in the CRA creates a "temporal" distinction. DOJ Br. 18-19; *contra* 2026 WL 1430354, at *4. It also observed that DOJ could not explain "what it means to 'retain' or 'preserve' a document like a voter registration list that is updated on a near-constant basis." 2026 WL 1430354, at *5; *see* Intervenors' Br. 18-21 (similar).

May 22, 2026
Page 3

Respectfully submitted,

/s/ *Aria C. Branch*
Aria C. Branch
Joshua C. Abbuhl
Branden D. Lewiston
Derek A. Zeigler
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Ste. 400
Washington, DC 20001
Tel.: (202) 968-4490
abranch@elias.law
jabbuhl@elias.law
blewiston@elias.law
dzeigler@elias.law

*Counsel for Intervenor-Appellees*

cc: All Counsel (via CM/ECF)

May 22, 2026
Page 4

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this letter complies with the word limit of Federal Rule
of Appellate Procedure 28(j).

<u>/s/ *Aria C. Branch*</u>
Aria C. Branch