

**U.S. Department of Justice**

Civil Rights Division

---

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC  20044-4403*

May 27, 2026

**<u>VIA CM/ECF</u>**

Kelly L. Stephens, Clerk of the Court
Office of the Clerk
540 Potter Stewart U.S. Courthouse
United States Court of Appeals
 for the Sixth Circuit
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

   Re: *United States v. Benson*, No. 26-1225 (6th Cir.) (oral argument held May 13, 2026)—
    Appellant United States' Response to Intervenors' Rule 28(j) Letter

Dear Ms. Stephens:

   The United States submits this letter in response to intervenors' Citation of Supplemental Authorities filed May 22, 2026. In *United States v. Bellows*, No. 1:25-cv-468, 2026 WL 1430481, at \*7 (D. Me. May 21, 2026), and *United States v. Wisconsin Elections Commission* (*WEC*), No. 25-cv-1036, 2026 WL 1430354, at \*4 (W.D. Wis. May 21, 2026), district courts ruled that statewide voter registration lists (SVRLs) are not records that come into the possession of election officers because SVRLs are state-created. For the reasons the United States has briefed and argued extensively, these courts incorrectly limited the phrase "come into his possession" to exclude self-generated documents. 52 U.S.C. 20701; *see* U.S. Br. 14-20; Reply Br. 11-15. The *WEC* court further conflated the United States' arguments about the moment "an election official [first] gains possession of the records" with the statute's limit on how long the duty to retain and preserve lasts. 2026 WL 1430354, at \*4.

   The *Bellows* court further held that Title III of the Civil Rights Act cannot be used to enforce the NVRA and HAVA. 2026 WL 1430481, at \*8. The court admitted that "the text of Title III does not expressly limit the acceptable purposes for which the Attorney General can request documents." *Id.* at \*7. But "[t]o determine whether the Attorney General's purpose [wa]s sufficient, [the court] start[ed] not with Title III, but with the text and structure of HAVA and the NVRA." *Ibid.* The NVRA and HAVA in no way purported to abrogate Title III, and it was error to use the silence of these later-enacted statutes to superimpose an extratextual limitation on Title III's purpose requirement. *See* U.S. Br. 46.

   Finally, the *WEC* court erred in finding "tension" between the "retain and preserve" requirement of 52 U.S.C. 20701 and the fact that SVRLS must be continuously updated. 2026

- 2 -

WL 1430354, at *5. Proper retention and preservation include legally required updates; the statute mandates protection of covered records, not stagnancy. *See* Reply Br. 15-17; *Voter Reference Found., LLC v. Torrez*, 160 F4th 1068, 1085 (10th Cir. 2025) (interpreting "maintain" under the NVRA).

Sincerely,

s/ Andrew G. Braniff
Andrew G. Braniff
Attorney
Appellate Section
Civil Rights Division
Andrew.Braniff@usdoj.gov
(202) 532-3803

cc: Counsel of Record (via CM/ECF)