No. 26-1225

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

JOCELYN BENSON, in her official capacity as Secretary of the State of
Michigan; STATE OF MICHIGAN,

Defendants-Appellees

LEAGUE OF WOMEN VOTERS OF MICHIGAN; MICHIGAN
ALLIANCE FOR RETIRED AMERICANS; DONALD DUQUETTE;
KEELY CRIMANDO

Intervenors-Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION CASE NO. 1-25-cv-01148
The Honorable Hala Y. Jarbou

UNITED STATES' OPPOSED MOTION TO EXPEDITE
CONSIDERATION OF PETITION FOR REHEARING EN BANC

*(See inside cover for continuation of counsel)*

HARMEET K. DHILLON
  Assistant Attorney General

JESUS A. OSETE
  Principal Deputy Assistant
  Attorney General

ANDREW G. BRANIFF
DAVID N. GOLDMAN
KELSEY E. MCGEE
AUDREY A. WEAVER
  Attorneys
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 616-9405

## INTRODUCTION

Pursuant to 28 U.S.C. 1657 and Sixth Circuit Rule 40(b), plaintiff-appellant the United States respectfully requests that this Court expedite consideration and review of its Petition for Rehearing En Banc. This case raises an urgent issue of national importance surrounding the security of federal elections and the Attorney General's authority to investigate violations of federal election laws. Because this Court previously granted in part the United States' Motion to Expedite (Order, C.A. R.20), the requirement to file "a separate motion that shows good cause to expedite" does not appear to apply. 6th Cir. R. 40(b). Out of an abundance of caution, however, and to eliminate any uncertainty, the United States respectfully submits this Motion seeking expedited review.

Good cause exists for expediting the briefing and the Court's consideration of the Petition for Rehearing En Banc in this matter. As explained in the United States' previous Motion to Expedite (Mot., C.A. R.6-1), the United States' abilities to conduct investigations under the Civil Rights Act of 1960 (CRA), Pub. L. No. 86-449, 74 Stat. 86, the National Voter Registration Act of 1993 (NVRA), Pub. L. No. 103-31, 107 Stat. 77, and the Help America Vote Act of 2002 (HAVA), Pub. L. No. 107-

1

252, 116 Stat. 1666, have been inhibited by the rule first adopted by the district court and now by the panel, and the security and sanctity of elections in all states in the Sixth Circuit may be questioned absent an immediate ruling on this issue.

Michigan's next federal election is rapidly approaching on November 3, 2026, and this case implicates other jurisdictions in the Sixth Circuit as well. *See United States v. Adams*, No. 26-cv-00019 (E.D. Ky.). Weeks before that date, states in this Circuit will be mailing absentee and mail-in ballots to millions of voters, many of them potentially registered nonvoters. Prior to that date, residents in Michigan and Kentucky need to know that their elections are secure and that noncitizens, deceased, and voters with multiple records are not improperly registered to vote in elections.

Consideration of the United States' petition for rehearing en banc should be expedited, with resolution as soon as practicable, as a matter of fairness to all sides. The United States respectfully proposes that the Court set a modified schedule as follows:

- o The original panel has 7 days (as opposed to 14) to submit comments on the petition to the clerk. *See* 6th Cir. I.O.P. 40(b)(4)(A);

2

o If the panel changes the substance of its decision, the United States will then have 7 days (as opposed to 14) to withdraw, modify, or maintain the pending petition for rehearing en banc or to file a new petition. *See* 6th Cir. I.O.P. 40(b)(4)(A)(1);

o If a poll is requested, 7 days (as opposed to 14) are allowed for voting. *See* 6th Cir. I.O.P. 40(b)(4)(B); and

o If a response is requested, that response is due within 7 days of the request.

Counsel for Michigan and Defendant-Intervenors have indicated that they oppose the Motion to Expedite.

## BACKGROUND AND PROCEDURAL HISTORY

This appeal and request for a rehearing en banc arise from the district court's order in *United States v. Benson*, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026), dismissing the United States' claim under Title III of the Civil Rights Act of 1960 (CRA), to compel production of Michigan's statewide voter registration list (SVRL).

The CRA was passed by Congress to strengthen the Civil Rights Act of 1957, which had "authorized the Attorney General to seek injunctions against public and private interference with the right to vote on racial grounds." *South Carolina v. Katzenbach*, 383 U.S. 301, 313 (1966). The CRA "permitted the joinder of States as parties defendant" in such suits and "authorized courts to register voters in areas of systematic

discrimination." *Ibid.* In addition, Title III of the CRA "gave the Attorney General access to local voting records." *Ibid.*; *see* 52 U.S.C. 20701 *et seq.* Election officers must "retain and preserve . . . all records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in [a federal] election." 52 U.S.C. 20701. And, "upon demand in writing by the Attorney General or his representative," the custodian of any such record or paper must make it "available for inspection, reproduction, and copying." 52 U.S.C. 20703.

Following concerns over, and anomalies regarding, Michigan's SVRL, on July 21, 2025, the United States Department of Justice sent a letter to Secretary of State Jocelyn Benson, seeking information regarding Michigan's compliance with National Voter Registration Act of 1993 (NVRA) and the Help America Vote Act of 2002 (HAVA), and an electronic, unredacted copy of Michigan's SVRL. Michigan refused to provide the requested SVRL, which prompted this lawsuit. *See* 52 U.S.C. 20705.

On February 10, 2026, the district court dismissed the United States' Complaint. In a published decision, a divided panel of this Court

4

affirmed the district court's dismissal on two alternative grounds. *First*, the panel majority agreed with the district court that Michigan's SVRL is not a record covered by Title III because it does not "come into [an election officer's] possession," 52 U.S.C. 20701, as it is "internally generated" and "not a record acquired from an outside source." Op. 9. *Second*, the panel majority held that the DOJ's demand was inadequate because the "statement of the basis and purpose" required by Title III, 52 U.S.C. 20703, was spread out over multiple letters from the Department to Secretary Benson. Op. 15. Judge Nalbandian dissented.

Simultaneously with the filing of this Motion to Expedite, the United States filed its Petition for Rehearing En Banc.

## ARGUMENT

The United States respectfully urges this Court to expedite its consideration of the Petition for Rehearing En Banc for the same reasons articulated in its prior Motion to Expedite. Good cause exists for expediting the Court's review and consideration of the Petition for Rehearing En Banc. This Court has already recognized the urgent need for resolution of this appeal in granting in part the United States' previous Motion to Expedite. *See* Order, C.A. R.20. And federal courts of

5

appeals, including this Court, routinely expedite election cases like this one precisely because of their time-sensitive nature. *See, e.g.*, *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 412 (6th Cir. 2014); *Ne. Ohio Coalition for Homeless v. Husted*, 696 F.3d 580, 583 (6th Cir. 2012) (per curiam) ("Given the time-sensitive nature of these appeals with the November election approaching, we ordered expedited briefing.").

*First,* the issue presented here is still consequential, touching on important questions of election integrity and the Attorney General's ability to investigate and ultimately enforce federal election laws. *See* Mot., C.A. R.6-1, at 13-14. Absent an expedited en banc consideration of the Petition, the extent to which the United States can exercise its authority under the CRA remains in question. The DOJ alerted Michigan to various anomalies in the records presented by Michigan to the Election Assistance Commission in 2024. *See* Compl., R.1, at ¶ 39. The United States sent numerous requests to Michigan to help it rectify its reporting failures and SVRL anomalies, but to no avail. Expediting the Court's consideration of the Petition for Rehearing En Banc will allow the United States to confirm that Michigan's voter rolls are composed solely of individuals who are eligible vote.

*Second*, time is still of the essence, and both the United States and Michiganders deserve an answer from this Court on such a major issue as soon as possible. Again, Michigan's next federal election is rapidly approaching on November 3, 2026. Absent prompt resolution of this issue on appeal, Michigan voters and the United States will suffer irreparable harm, including through the delay or abatement of the United States' ability to enforce laws designed to protect the sanctity of elections. If anything, this factor has become more crucial as the time until the next federal election diminishes.

The United States has acted expeditiously at every stage to resolve these important issues in an urgent manner. In the district court, the United States sought access to Michigan's SVRL under Title III of the Civil Rights Act, which provides an inherently expedited process. As the United States stressed below, Title III provides "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Kennedy v. Lynd*, 306 F.2d 222, 225 (5th Cir. 1962); *see* Memorandum of Law in Opposition, R.53, PageID# 671-674. The Attorney General may come to court and seek an order to produce the requested records, akin to "a traditional

7

order to show cause, or to produce in aid of an order of an administrative agency." *Lynd*, 306 F.2d at 225. The special proceeding is "summary" in "nature" and neither "plenary [n]or adversary." *In re Gordon*, 218 F. Supp. 826, 826-827 (S.D. Miss. 1963); *see Kennedy v. Bruce*, 298 F.2d 860, 863 (5th Cir. 1962) (noting that this procedure "does not amount to the filing of a suit of any kind"). Once the Attorney General provides a "simple statement" that the demand has been made and refused, "[t]he Court, with expedition, should grant the relief sought or, if the respondent-custodian opposes the grant of such relief, the matter should be set down without delay for suitable hearing on the matters open for determination." *Lynd*, 306 F.2d at 226 (emphasis added).

On appeal, the United States has acted with that same sense of urgency. The United States successfully moved to expedite the panel consideration of this case. Mot., C.A. R.6-1; Order, C.A. R.20. And the United States also filed the predicate for this Motion to Expedite, the Petition for Rehearing En Banc, 14 days after the panel opinion despite having 45 days to do so under Federal Rule of Appellate Procedure 40(d)(1).

*Third*, Michigan would not be prejudiced by expediting the en banc consideration. First, Michigan has not relied on any other schedule, as no response to the petition is permitted under the Federal Rules of Appellate Procedure unless the court so requests, and no specific deadline for a response is contemplated by those Rules (or this Court's Rules). *See* Fed. R. App. P. 40(d)(4); 6th Cir. R. 40(b)(6). More importantly, a rapid resolution of the underlying appeal will permit Michigan to properly conduct an election this fall without the specter of noncitizen and other ineligible voters remaining on its voter rolls.

*Fourth*, this appeal and the Petition for Rehearing En Banc center around pure questions of law and statutory interpretation. *See* Mot., C.A. R.6-1, at 11-14 (explaining the central legal question on appeal). This is not a dispute involving a sprawling evidentiary record or competing factual conclusions—issues that would heighten the burden on the court or the risk of potential error with expedited consideration. And extensive briefing has already occurred on these legal questions. That significantly mitigates any incidental burden an expedited briefing schedule could theoretically impose upon Michigan, if any. This is exactly the type of

9

case, and type of issue, that is well suited to expedited briefing and consideration, especially at this late-stage procedural posture.

*Fifth*, regardless of the outcome of the United States' Petition for Rehearing En Banc—and whether the United States prevails on the merits or not—the interests of finality and judicial economy are furthered by an expedited decision. Absent a ruling on an expedited basis that the United States may proceed to request Michigan's SVRL under the statutory requirements of the CRA, states with anomalous SVRLs, including states in this Circuit, will continue to avoid review of its lists in a speedy fashion. Expedited consideration is warranted.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests this Court expedite its consideration of the Petition for Rehearing En Banc.

July 8, 2026

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

JESUS A. OSETE
  Principal Deputy Assistant
  Attorney General

s/ David N. Goldman
DAVID N. GOLDMAN
ANDREW G. BRANIFF
KELSEY E. MCGEE
AUDREY A. WEAVER
Attorneys
Department of Justice
Civil Rights Division
Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
(202) 616-9405

11

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1956 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Sixth Circuit Rule 32(b)(1). This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ David N. Goldman
DAVID N. GOLDMAN
 Attorney

Date: July 8, 2026

## CERTIFICATE OF SERVICE

On July 8, 2026, I filed this Motion to Expedite with the Clerk of the Court by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

s/ David N. Goldman
DAVID N. GOLDMAN
  Attorney